# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
### DETROIT DIVISION

MICHAEL E. VANDERMARLIERE,

   Plaintiff,

v.

HUMANA INC.,

   Defendant.

Case No. 2:21-cv-12796

## COMPLAINT

**NOW COMES** MICHAEL E. VANDERMARLIERE through his undersigned counsel, complaining of Defendant, HUMANA INC., as follows:

### NATURE OF THE ACTION

1. This is an action seeking redress for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*

2. "The primary purpose of the TCPA was to protect individuals from the harassment, invasion of privacy, inconvenience, nuisance, and other harms associated with unsolicited, automated calls." *Parchman v. SLM Corp.,* 896 F.3d 728, 738-39 (6th Cir. 2018) *citing* Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2, 105 Stat. 2394 (1991).

3. As the Supreme Court recently observed, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

### JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

4. Venue in this district is proper under 28 U.S.C. § 1391(b)(2).

1

## PARTIES

6. Michael E. Vandermarliere ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in Michigan.

7. Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

8. HUMANA, INC. ("Defendant") is a corporation organized and existing under the laws of Michigan.

9. Defendant maintains its headquarters and principal place of business in Louisville, Kentucky.

10. Defendant is a prominent health insurance provider that provides health insurance to consumers in Michigan.

11. Defendant is a "person" as defined by 47 U.S.C. § 153(39).

## FACTUAL ALLEGATIONS

12. At all times relevant, Plaintiff was the sole operator, possessor, and subscriber of the cellular telephone number ending in 6584.

13. At all times relevant, Plaintiff's number ending in 6584 was assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

14. At all times relevant, Plaintiff was financially responsible for his cellular telephone equipment and services.

15. At no point in time did Plaintiff have an account or any other form of business relationship with Defendant.

16. In or around mid-2021, Plaintiff started to receive calls from Defendant requesting to speak to a Tina Barg. The telephone call came from the following number:



17. Upon information and belief, Defendant has used additional numbers to contact Plaintiff.

18. Plaintiff was perplexed by the calls as Defendant was not Plaintiff's health insurance provider.

19. On one of the calls Plaintiff answered and notified Defendant that he is not Tina Barg and to "stop calling".

20. During this call, Plaintiff was required to say "hello" numerous times prior to being connected to a live representative.

21. Furthermore, Plaintiff has received pre-recorded messages from Defendant deposited into his voicemail.

22. The pre-recorded messages state "This is Humana trying to reach… Tina Barg".

23. Despite Plaintiff's unambiguous request that Defendant cease its calls, Defendant continued to call Plaintiff.

23. Plaintiff has never provided his phone number to Defendant or otherwise consented to receive calls form Defendant.

**DAMAGES**

24. Plaintiff significantly values his privacy and solitude.

25. In light of the fact that Plaintiff has no business relationship with Defendant, Defendant's phone calls were highly intrusive and were a nuisance.

26. Moreover, Defendant's phone calls were especially troubling considering they continued after Plaintiff requested that they cease.

27. Defendant's phone calls invaded Plaintiff's privacy and have caused Plaintiff actual harm, including but not limited to, aggravation that accompanies unsolicited phone calls/text messages, increased risk of personal injury resulting from the distraction caused by the phone calls, wear and tear to Plaintiff's cellular phone, loss of battery charge, loss of concentration, nuisance, the per-kilowatt electricity costs required to recharge Plaintiff's cellular telephone as a result of increased usage of Plaintiff's telephone services, and wasting Plaintiff's time.

28. Concerned with Defendant's invasive practices, Defendant retained counsel to compel Defendant to cease its unlawful conduct.

**CLAIMS FOR RELIEF**

**COUNT I:**
**Telephone Consumer Protection Act (47 U.S.C. § 227 *et. seq*.)**

29. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

30. Defendant has placed or caused to be placed no less than 20 non-emergency calls, including but not limited to the aforementioned collection calls, to Plaintiff's cellular telephone utilizing an automatic telephone dialing system ("ATDS") or an artificial or prerecorded voice without Plaintiff's consent in violation of 47 U.S.C. §227 (b)(1)(A)(iii).

31. As pled above, Defendant utilized an artificial or pre-recorded voice when contacting Plaintiff on his cellular telephone.

32. The TCPA defines ATDS as "equipment which has the capacity—(A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1).

33. Upon information and belief, based on the lack of prompt human response during the phone calls in which Plaintiff answered and the pre-recorded messages used by Defendant, Defendant used an ATDS to place calls to Plaintiff's cellular phone number.

34. Upon information and belief, the dialing system employed by Defendant transfers the call to a live agent once a human voice is detected, thus resulting in Plaintiff being required to say "Hello" numerous times, followed by a lengthy pause after the called party speaks into the phone.

35. As pled above, Plaintiff revoked consent to be called on his cellular phone on multiple occasions during phone calls that he answered and via email.

36. As pled above, Plaintiff was harmed by Defendant's incessant collection calls to his cellular phone.

37. Upon information and belief, Defendant has no system in place to document and archive whether it has consent to contact consumers on their cellular phones.

38. Upon information and belief, Defendant does not maintain adequate policies and procedures that would enable it to effectively process and honor the requests of consumers that the collection calls cease.

39. Upon information and belief, Defendant knew its collection practices were in violation of the TCPA, yet continued to employ them to maximize efficiency and profits.

40. As a result of Defendant's violations of 47 U.S.C. §227(b)(1)(A)(iii). Plaintiff is entitled to receive $500.00 in damages for each violation.

41. As a result of Defendant's knowing and willful violations of 47 U.S.C. §227(b)(1)(A)(iii), Plaintiff is entitled to receive up to $1,500.00 in treble damages for each violation.

**WHEREFORE**, Plaintiff requests the following relief:

A. a finding that Defendant violated 47 U.S.C. § 227 *et seq*.;

B. an award of statutory damages of at least $500.00 for each and every violation;

C. an award of treble damages of up to $1,500.00 for each and every violation; and

D. an award of such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury.

Date: December 1, 2021                                        Respectfully submitted,

**MICHAEL E. VANDERMARLIERE**

By: */s/ Victor T. Metroff*

Victor T. Metroff, Esq.
Mohammed O. Badwan, Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8180
mbadwan@sulaimanlaw.com
vmetroff@sulaimanlaw.com